The following petition for a re-hearing was presented:
The defendant, by his counsel, respectfully petitions the court for a re-hearing of this case, upon the ground that the court has mistaken the law on the point on which they have reversed the judgment of the court below.
The court below permitted the reading of Pleasant Craddock’s deposition, taken before two justices of the peace in the state of Tennessee, who acted under a commission from the court where the suit was depending; and after the jury were sworn, the plaintiff’s counsel objected to the reading of the depositions, because the questions put by the defendant in taking the depositions were leading questions. The court below overruled the objection, because no notice had been previously given of it, by objecting to the questions before the commissioners, when they were put to the witness. This court determines that the court where the cause is tried is the place, and on the trial the time when the objection should be made. It is admitted,the opinion of that court would be paramount to any decision of the commissioners who take the depositions, and the parties would have a right to bring the question again before the court. But it is contended, that the evidence, of a witness is competent to the proof of a fact, if it is, all obtained by leading questions; and a party is excluded frotp asking his witness leading ciuesi *80 iions, when that kind of questions is objected to by his adversary; and then it is matter of discretion with the court to allow or disallow them, according to their opinion of the bias of the witness; but if not objected to, it is surely too late to move to exclude such testimony after the questions have been asked and answered without objection. The objection to leading questions is one that must be made to the examination, and not to the testimony afterwards. A different rule, and such as the court adopts in this case, would never fail to produce surprize and great injustice to the party whose evidence is so excluded. Leading questions are more frequently asked through unskilfulness or inadvertence, than a design to influence the answer of a favorable witness; and if such a question was objected to at the time of asking it, the party would shape or modify his question so as to avoid the objection; or if he still per* sisted in it, no hardship would arise if he should lose the benefit of his testimony on the trial; but when no objection is made by the adversary party to the mode of asking the questions when taking the deposition, should not his obj ection, if made on the trial, be allowed to go to the credit, and not the competency, of the testimony? This doctrine is not founded alone upon an opinion ofits expediency, and being calculated to subserve the purposes of justice; but upon the authority of adjudged cases. See 3 Binny 130. 6 Binny 483. Phil. Ev. 206. note (c) which refers to the cases in Binny.
SHARP, for defendant
All which is respectfully submitted.
The court, however, overruled the petition.